# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TINA YANDELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-14-1151-STE |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Tina Yandell brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative development.

## I.  PROCEDURAL BACKGROUND

Plaintiff's application for disability insurance benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an

unfavorable decision. (TR. 11-31). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 21, 2010, the alleged disability onset date. (TR. 13). At step two, the ALJ determined that Plaintiff had severe impairments of status post cervical fusion, C3 to C6; chronic pain syndrome; degenerative disc disease with mild stenosis of the lumbar spine; diabetes mellitus; and major depressive disorder. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ found that Plaintiff could not perform her past relevant work. (TR. 28). The ALJ further found Plaintiff had the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she must change positions at the workstation (without breaks) for up to five minutes in the changed position; frequently can balance and kneel; occasionally can climb stairs, stoop, crouch, crawl or reach overhead; never can climb ladders, ropes or scaffolds. She must avoid working at unprotected heights or around dangerous machinery. She must avoid concentrated exposure to temperature extremes, fumes, odors, dusts,

gases and poor ventilation. She can carry out simple and detailed instructions, can interact superficially with coworkers or supervisors, and cannot interact with the public.

(TR. 25).

Based on the finding that Ms. Yandell could not perform her past relevant work, the ALJ proceeded to step five. There, she asked a vocational expert (VE) whether any jobs existed that Plaintiff could perform with the above-listed RFC limitations. (TR. 62). Given the limitations, the VE identified several jobs from the Dictionary of Occupational Titles (DOT). (TR. 63). The ALJ adopted the testimony of the VE and concluded that Ms. Yandell was not disabled based on her ability to perform the identified jobs. (TR. 30).

### III. ISSUES PRESENTED

On appeal, Plaintiff alleges errors: (1) at step three, (2) in the consideration of a treating physician's opinion, and (3) in the RFC. The Court concludes that remand is proper for further consideration of a listed impairment at step three and the remaining allegations of error need not be addressed.

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V. ERROR AT STEP THREE

As alleged by Ms. Yandell, the ALJ committed legal error by failing to analyze the applicability of Listing 3.02A.

### A. Criteria at Step Three

At step three, the ALJ must determine whether the claimant's impairment is "equivalent to one of a number of listed impairments that the Secretary acknowledged as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). If this standard is met, the claimant is considered *per se* disabled. *Knipe v. Heckler*, 755 F.2d 141, 146 (10th Cir. 1985). The question of whether a claimant meets or equals a listed impairment is strictly a medical determination. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); 20 C.F.R. §§ 404.1525(c)(3)-(4), 404.1526(b). The claimant has the burden at step three of demonstrating, through medical evidence, that her impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. at 530 (emphasis in original). An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*

Once the claimant has produced such evidence, the burden is on the ALJ to identify and discuss any relevant listings. *Id.* at 733, n. 3. In doing so, the ALJ must weigh the evidence and make specific findings to support the step three determination. *Clifton v. Chater*, 79 F.3d at 1009.

### B.     Listing 3.02A

Ms. Yandell argues that the ALJ erred in failing to consider and analyze whether she was presumptively disabled under Listing 3.02A for Chronic Pulmonary Sufficiency. (ECF No. 15:5-6). Two criteria are examined to determine whether an individual satisfies this listing--height in inches without shoes and the results of a one-second forced expiratory volume ($FEV_1$) test. *See* 20 C.F.R. pt. 404, Subpart P, App. 1 § 3.02A (Listing 3.02A). The $FEV_1$ is measured through an instrument called a "spirometer," both before and after a patient inhales a bronchodilator medication. *Id.*, § 3.00(E). The highest post-bronchodilator result is used to assess the severity of the impairment. *Id.*

On January 13, 2013, Ms. Yandell underwent spirometry testing. (TR. 738-739). The highest post-bronchodilator result showed an $FEV_1$ value of 1.19. (TR. 738). Whether this result satisfies the listing criteria depends on Ms. Yandell's height. For a 63-inch tall person, the listing requires an $FEV_1$ result equal to or less than 1.15. *See* Listing 3.02A, Table I. For a 64-inch person, the $FEV_1$ score must be equal to or less than 1.25. *Id.* If Plaintiff is 64 inches tall, she would be considered presumptively disabled under the listing with the $FEV_1$ score of 1.19. *See* Listing 3.02A. But if Plaintiff is 63 inches tall, her $FEV_1$ score is insufficient to create a presumption of disability.

In the decision, the ALJ cites conflicting evidence from the record regarding whether Ms. Yandell was 63 or 64 inches tall. (TR. 14, 15, 18). The Commissioner adopts the latter position. (ECF No. 21:5). At 64 inches, Ms. Yandell's $FEV_1$ score indicates that she could have been considered presumptively disabled at step three. *See* Listing 3.02A. Based on this evidence, the ALJ was required to discuss Listing 3.02A and make specific findings regarding whether Plaintiff had satisfied the listing's criteria. The ALJ did not do so, but instead discussed only Listings 1.04A and 12.04. (TR. 23-24).

In defense, the Commissioner argues: (1) Plaintiff failed to adequately raise the issue of Listing 3.02A, (2) a lack of evidence showing that Plaintiff had met the listing requirements for 12 months or more, (3) the $FEV_1$ test was invalid, and (4) harmless error. None of Ms. Colvin's arguments are persuasive.

First, the Defendant argues that Plaintiff did not adequately explore the issue of Listing 3.02A either before or during the hearing. (ECF No. 21:4-5). But in addition to the spirometry results, the record contained significant evidence documenting Plaintiff's pulmonary problems. *See* TR. 759, 781, 794 (decreased breath sounds), 751, 757, 790, 794, (chronic airway obstruction, shortness of breath), 692 (COPD), 751, 838 (COPD Stage 3). And at the hearing, Ms. Yandell's attorney referenced evidence in the record concerning her COPD, including the spirometry test results. (TR. 59). When the ALJ specifically asked Ms. Yandell about her breathing, Plaintiff stated that it was not under control, she got winded after walking 500 feet, she struggled with her breathing in the at night, and her voice was affected. (TR. 60). The medical records, the spirometry test

6

results, and Plaintiff's testimony are sufficient to meet Ms. Yandell's initial burden at step three.

Second, the Commissioner argues that Plaintiff failed to show that she met the listing criteria for "the requisite 12 months or more." (ECF No. 21:5). In support, the Commissioner cites the ALJ's discussion of a March 2013 note that Ms. Yandell had stopped smoking and evidence from October 2013 that Plaintiff was doing well on medication for her chronic airway obstruction. (ECF No. 21:7-8, citing TR. 22-23). But the progress in October 2013 is not proof that Ms. Yandell no longer met Listing 3.02A, which may have been established ten months prior based on the $FEV_1$ results.

Furthermore, the record shows that Ms. Yandell suffered pulmonary problems for over two years prior to the hearing. On September 14, 2011, Dr. John Drake stated that Ms. Yandell had COPD. (TR. 692). And approximately three weeks following the October 2013 progress note, Dr. Paul Wylie noted that Plaintiff suffered from the "[c]o-morbid medical condition[]" of Stage 3 COPD. (TR. 838). The Court rejects Defendant's claim that Ms. Yandell had not met the listing's durational requirement.

Third, the Commissioner argues that the $FEV_1$ test was invalid based on the timing of the test. $FEV_1$ results may be used as criteria for determining whether a listing has been met except if the test was performed "during or shortly after an exacerbation." 20 C.F.R. pt. 404, Subpart P, App. 1 § 3.00(E). Ms. Colvin argues that the test was invalid because it had been performed approximately 2 weeks after Plaintiff had been diagnosed with bronchitis. Defendant also states that "the ALJ

explicitly considered the fact that the January 2013 spirometry testing occurred shortly after Plaintiff's diagnosis of bronchitis." (ECF No. 21:7). Defendant's argument fails because: (1) Defendant does not provide any proof that Ms. Yandell had not recovered from the bronchitis when the test was performed and (2) although the ALJ mentioned the test in the decision, she specifically omitted discussion of the $FEV_1$ score and did not temporally connect the test results with Ms. Yandell's prior diagnosis of bronchitis.

Fourth, the Commissioner argues that the ALJ's failure to explicitly discuss Listing 3.02A at step three was harmless error under *Fisher-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). In *Fisher-Ross*, the Tenth Circuit held that an inadequate analysis at step three may constitute harmless error if the "findings at other steps of the sequential process" support the ALJ's decision. *Fisher-Ross v. Barnhart*, 431 F.3d at 733. According to Defendant, the ALJ discussed Plaintiff's breathing issues at step two and later in the decision. But as discussed, although the ALJ mentioned the pulmonary test, she specifically omitted any mention of the $FEV_1$ test results which was critical to a step three analysis under Listing 3.02A. (TR. 21). This omission prevents application of harmless error. *See Dye v. Barnhart*, 180 Fed. Appx. 27, 2006 WL 1230690, Westlaw op. at 3 (May 9, 2006) (unpublished op.) (rejecting *Fisher-Ross*' "harmless error" analysis when there were no findings that conclusively negated the possibility that the plaintiff had met a listing).

The Tenth Circuit Court of Appeals addressed circumstances similar to the instant case in *Dye v. Barnhart*. In *Dye*, the plaintiff had presented evidence which established

that she had met the requirements for a listed cardiac impairment. *Dye v. Barnhart*, 2006 WL 1230690, Westlaw op. at 3. At step three, the ALJ discussed listings pertaining to a hand impairment and pulmonary condition. *Id.*, Westlaw op. at 2. Regarding the alleged cardiac impairment, the ALJ stated "'[a]lthough the claimant[] has noted a heart impairment, the requirements for disability under Sections 4.02 through 4.12 are not met.'" *Id.* In light of the evidence the plaintiff had presented, the Tenth Circuit found the ALJ's rationale conclusory and insufficient, noting that the ALJ had "erred in failing to discuss the evidence and explain why he found that [claimant] was not disabled at step three." *Id.* (internal quotation marks and citation omitted).

The Court here reaches a similar conclusion. Ms. Yandell presented evidence that raised a question regarding whether she was presumptively disabled under Listing 3.02A. Thus, the ALJ had to consider the evidence and make specific findings regarding whether the listing had been met. Although the ALJ is not required to discuss every piece of evidence, she must discuss significantly probative evidence she chooses to reject. *Clifton v. Chater*, 79 F. 3d at 1010. Here, the ALJ failed to discuss the $FEV_1$ results, and she did not even mention Listing 3.02. The Court is not conclusively stating that Ms. Yandell had satisfied the requirements for the listed impairment. But the ALJ's errors are significant enough to warrant remand for further analysis at step three.

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the

parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative development.

**ENTERED** on February 5, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE