# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA YANDELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-14-1151-STE |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. **(ECF No. 25)**. Specifically, Plaintiff seeks an award in the amount of $8,325.00. (ECF No. 25:2). Defendant objects to the amount of fee requested, arguing that it is unreasonable. (ECF No. 27). According to Defendant, the Court should award Plaintiff no more than $4,706.00 in fees. The Court **GRANTS** Plaintiff's Motion for fees in the amount of **$7,106.00**.

## I.    FEES UNDER THE EAJA—ENTITLEMENT AND REASONABLENESS

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). When evaluating a claim for fees under EAJA, the court must first determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan,* 73 F.3d 1012, 1017 (10th Cir. 1996). Factors considered in a reasonableness

determination include: (1) the hours that would be properly billed to one's client in accordance with good "billing judgment," (2) time spent on specific tasks, and (3) duplication of efforts. *Malloy,* 73 F.3d at 1017–18. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy,* 73 F.3d at 1018. Although the Tenth Circuit does not require an automatic reduction in hours to adjust for multiple representation, district courts should give particular attention to the possibility of duplication. *See Alpine Bank v. Hubbell,* No. 05–CV–26, 2010 WL 1258002, at *4 (D. Colo. Mar. 24, 2010). "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *Malloy,* 73 F.3d at 1018.

## II. THE COMMISSIONER'S OBJECTIONS REGARDING REASONABLENESS OF REQUESTED FEE

Ms. Colvin does not dispute Plaintiff's entitlement to attorney fees or the hourly rate which Plaintiff has proposed, but argues that the number of hours billed is excessive, some of the entries are duplicative, and a portion of the hours are not compensable. (ECF No. 27).

### A. Allegedly Excessive Work

For the 44.2 hours Plaintiff's attorney seeks to recover fees, Defendant challenges 35.9, including four specific claims that Mr. Mitzner is alleging an excessive amount. (ECF No. 27:2-4). First, Mr. Mitzner claimed 22.25 hours to research the

administrative record, applicable case law, and to prepare his opening brief. (ECF No. 25-1:1-2). According to Ms. Colvin, this amount of time was excessive, considering Mr. Mitzner's expertise in the field of social security law, having practiced in that area for over 25 years. (ECF No. 27:2-3). In response, Mr. Mitzner claims that his experience has allowed him to "become more, not less, thorough, and being thorough takes more time; again, not less." (ECF No. 28:2). Mr. Mitzner refers the court to the 847-page record, and states that at a reading rate of 30 seconds per page, a review of the record alone would take approximately 7 hours, which is consistent with his claim for 7.9 hours to review the record and develop his argument. (ECF Nos. 28:3; 25-1:1). The Court agrees with Plaintiff, and concludes that the amount of time requested, 22.25 hours, for reading the record and preparing the opening brief was not excessive. *See Sommerville v. Astrue*, 555 F. Supp. 2d 1251, 1254 (D. Kan. 2008) (rejecting Defendant's argument that Plaintiff's request for EAJA fees was excessive "simply because the attorney preparing it is experienced.").

Next, Plaintiff's counsel requests 2.85 hours to review the Appeals Council's denial, the administrative decision, and hearing notes to determine whether to file a federal appeal. (ECF No. 25-1:1). Ms. Colvin argues that the amount is excessive and the Court agrees. As noted by Defendant, Mr. Mitzner was already familiar with the case, having represented Ms. Yandell at the administrative level *See* Administrative Record at 38. The Appeals Council's denial was 3 pages long, and was nothing more than a form denial, with which Mr. Mitzner was likely familiar. The administrative decision was 21 pages long, and at the most, should have taken no longer than one

hour to read. The undersigned agrees that the amount requested is excessive, and reduces the amount awarded by 1.45 hours or **$275.50**.

Third, Ms. Colvin argues that Mr. Mitzner's request for 1.7 hours to "draft and review letter to Client regarding Federal Court and conference with Client regarding same" was excessive, because Mr. Mitzner likely used a form letter. (ECF No. 27:3). Mr. Mitzner defends the billing request, ignoring Defendant's argument regarding the use of a form letter, and instead stating that the time billed adequately reflected the amount of time necessary to "conference" regarding the complexities of federal litigation. (ECF No. 28:5). However, in doing so, Mr. Mitzner submits only a general argument, stating that "clients are usually undereducated and simply don't get it, so it takes a long time in an office conference." (ECF No. 28:5). This broad response, however, is not tailored to how long it took Mr. Mitzner to counsel specifically with Ms. Yandell. As a result, the Court concludes that the requested amount of time is excessive, and the Court reduces the amount of time billed for this request to .8 hour or **$152.00**.

Finally, Ms. Colvin argues that Plaintiff's request for 1.5 hours to "Receive and review Memorandum Opinion and Order and Judgment" is excessive. The Court agrees, as the Memorandum Opinion and Order and Judgment comprised approximately 10, double-spaced pages. (ECF Nos. 23 & 24). Thus, the Court reduces the amount of compensable time for this request by .75 hour or **$145.50**.

### B. Allegedly Non-Compensable Work

Plaintiff has requested reimbursement for 3.15 hours for: (1) drafting and filing the Complaint, summons, and civil cover sheet, (2) preparing and issuing various summons, and (3) conferencing with Ms. Yandell regarding the federal court filing and briefing procedure. (ECF No. 25-1:1). Ms. Colvin objects, arguing: (1) that "block billing" tasks makes it impossible to evaluate their reasonableness, and (2) "the majority of these block-billed tasks are non-compensable" (citing district of Oregon case which held that attorney time spent drafting and serving summons was "non-compensable clerical work.") (ECF No. 27:4). The Court agrees that the block-billed nature of the entry makes it impossible to discern how long each task required and Mr. Mitzner should not be compensated for "clerical services." *See Bowers v. Astrue*, No. 07-CV-00454-WYD, 2008 WL 2568801, at *3 (D. Colo. June 24, 2008) (deducting time that attorney billed for "for clerical services, since such services do not require professional skill or expertise."). Thus, the Court reduces the amount of compensable time for this request by 1.40 hours or **$266.00**.

### C. Allegedly Duplicative Work

Finally, Plaintiff requests compensation for 4.45 hours, the amount of time it allegedly took Mr. Mitzner to prepare his application for EAJA fees. (ECF No. 25-1:2). According to the Commissioner, the amount of time requested is excessive, as Mr. Mitzner prepared nearly an identical brief in another case, *Donaho v. Colvin*, Case No. CIV-14-1105-STE, and appeared to "copy and paste" the legal argument from that brief into Ms. Yandell's application for EAJA fees. (ECF No. 27:5-6). The Commissioner's

argument appears valid, as evidenced by: (1) Mr. Mitzner's reference in the instant case to the legal argument in *Donaho* and citation to the Court's Order in that case and (2) Mr. Mitzner's statement in his reply brief that Defendant's challenge "is absolutely correct because I follow my plan the same every time." (ECF Nos. 26:6 & 28:5). Accordingly, the Court reduces the amount of compensable time for Plaintiff's EAJA application by 2.0 hours or **$380.00**.

### III. AMOUNT OF RECOVERABLE FEE

An award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Ms. Yandell has requested an upward adjustment of the statutory rate and has provided supporting documentation in the form of a letter dated March 24, 2015, from the Office of the General Counsel of the Social Security Administration. (ECF No. 26-1). This letter shows that for 2014 and 2015, the authorized maximum hourly rate for attorney work in Oklahoma was $190.00 and $188.00, respectively. (ECF No. 26-1). Thus, Ms. Yandell is entitled to an upward adjustment of the hourly fee consistent with the evidence provided.

For the forgoing reasons, the Court finds that Ms. Yandell is entitled to a total award of attorney fees under EAJA of **$7,106.00**. Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF No. 23)** in the amount of **$7,106.00**.

ENTERED on August 10, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE